UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FARNHURST, LLC, et al., | ) | CASE NO. 5:13-cv-668 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| CITY OF MACEDONIA, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is plaintiffs' motion to disqualify the law firm of Joseph W. Diemert, Jr. & Associates Co., LPA ["Diemert Firm"][1] (Doc. No. 116 ["Motion"]),[2] the Macedonia defendants' memorandum in opposition (Doc. No. 157 ["Opp'n"]), and plaintiffs' reply (Doc. No. 159 ["Reply"]). To the extent set forth herein, the motion is granted.

## I. BACKGROUND

The original complaint of plaintiffs Farnhurst, LLC and Frank Pla, filed on March 27, 2013 (Doc. No. 1), named several defendants, including the City of Macedonia, its Mayor, Building Commissioner, City Engineer, Planning Commission, and two members of the Planning Commission (collectively, "the Macedonia defendants").[3] Attorneys Charles Curley and Dana Rose (both of the law firm Weston Hurd) entered their appearances for the Macedonia defendants by filing a motion for extension of time on their behalf. (*See* Doc. No. 10.) On April 26, 2013, Attorneys Joseph Diemert and Thomas Hanculak (both of the Diemert Firm) made

---

[1] Effective May 1, 2015, the law firm officially changed its corporate name to Diemert & Associates Co., L.P.A. (Doc. No. 157 at 2371.)

[2] Evidentiary support for the motion is also contained in Doc. No. 117.

[3] Also named were Parkview Homeowners' Association and several of its current or former board members (the "PEHA defendants"), plus some Jane/John Does.

their appearances as additional counsel for the Macedonia defendants, and on June 20, 2013, Attorney Mark Guidetti (also of the Diemert Firm) did the same. (*See* Doc. Nos. 11[4] and 22.) Only Attorneys Curley and Guidetti attended the Case Management Conference on behalf of the Macedonia defendants. (*See* Minutes of Proceedings, 6/24/13.)

In late August and early September 2013, the Macedonia defendants and the PEHA defendants separately moved to disqualify plaintiffs' attorney, Jorge Pla, due to his ownership interest in Farnhurst, LLC. (*See* Doc. Nos. 27 and 29.) On October 28, 2013, the Court referred these motions, along with the PEHA defendants' motion to stay and for protective order (Doc. No. 28), to a magistrate judge for resolution (*see* Doc. No. 38); on November 12, 2013, the Court made an additional referral to the same magistrate judge to conduct a mediation (*see* Doc. No. 44). The mediation conducted by the magistrate judge on December 13, 2013 was unsuccessful. (*See* Minutes of Proceedings, 12/13/13.) Again, only Attorneys Curley and Guidetti participated on behalf of the Macedonia defendants.

Shortly after the failed mediation, on December 19, 2013, while the motions to disqualify Attorney Pla remained pending, plaintiffs moved to amend their complaint to add defendants Joseph W. Diemert (Macedonia Law Director) and Thomas M. Hanculak (Macedonia Assistant Law Director), both identified as employees of Macedonia. (*See* Doc. No. 57.) Both had already entered their appearances as counsel for the Macedonia defendants.

On January 21, 2014, the parties entered into an agreed order pursuant to which defendants withdrew their motions to disqualify Attorney Pla in return for his attestation that he will not provide testimony in any fashion in connection with the prosecution of plaintiffs' claims.

---

[4] This notice of appearance did not identify Diemert's or Hanculak's roles within the City of Macedonia law department.

2

(*See* Doc. Nos. 64 and 65.)[5] On January 22, 2014, the Court issued a third referral, authorizing the magistrate judge to conduct general pretrial supervision. (*See* Doc. No. 66.).

Plaintiffs' motion for leave to amend was granted on March 19, 2014, and the first amended complaint was filed five days later. (Doc. No. 73.)[6] On April 16, 2014, the Macedonia defendants (now *including* Diemert and Hanculak) filed their answer to the amended complaint, over the signatures of Attorneys Curley, Rose, Diemert, Hanculak, and Guidetti. (Doc. No. 77.) On April 18, 2014, Attorney Daniel Powell (of the Diemert Firm) made his appearance as additional counsel for only Diemert and Hanculak. (*See* Doc. No. 78.) It appears from the docket that neither Diemert nor Hanculak have taken active roles in representing the Macedonia Defendants.

## II. DISCUSSION

**A.     The Parties' Positions**

Plaintiffs assert that the Diemert Firm, including attorneys Joseph W. Diemert, Jr., Thomas H. Hanculak, Daniel A. Powell and Mark V. Guidetti, should be disqualified from representation of the Macedonia defendants, defendant Diemert, and defendant Hanculak due to conflicts of interest extending to the entire firm.[7] (Motion at 1961.) Plaintiffs argue that Diemert and Hanculak, named as defendants, are likely to be called as witnesses and, therefore, are disqualified, under Ohio Prof. Cond. Rule 3.7(a), from representing the Macedonia defendants.

---

[5] On December 13, 2013, by non-document orders, the magistrate judge granted a partial stay and denied a protective order. By virtue of the parties' agreed order, the magistrate judge lifted the stay on January 21, 2014. (*See* Doc. No. 65.)

[6] On July 14, 2015, plaintiffs sought leave to file a *second* amended complaint (Doc. No. 135), but that motion has been denied by separate order.

[7] The bulk of plaintiffs' motion reflects their unhelpful practice of inserting arguments relating to the merits of the underlying claims in the lawsuit, notwithstanding the irrelevance of those arguments to the issues under consideration for the particular motion. The Court confines its discussion solely to the issues relating to disqualification.

3

Because Diemert and Hanculak, as testifying lawyers must be disqualified, plaintiffs point to Rule 3.7, Comment 7, as authority for their argument that the entire Diemert Firm must be disqualified due to imputation of conflicts of interest.[8] Although not clear, because of the volume of extraneous matter contained in the motion, it appears that plaintiffs may also be arguing that, due to (1) Diemert's previous representation of defendant Migliorini (and their purported friendship), and (2) his financial stake in the outcome of this case (because he is paid to work for Macedonia), his ethical duties relating to these issues must be imputed to all the lawyers in his firm. (*See id.* at 1968, 1971, 1973.)

The Macedonia defendants oppose plaintiffs' motion[9] arguing that there is no evidence of any ongoing conflict of interest on the part of Diemert and that, at the very least, a ruling on disqualification should be deferred until after yet-to-be-filed dispositive motions have been resolved. Further, although conceding the applicability of Rule 3.7(a), they argue that it does not prohibit Diemert and/or his firm from serving as counsel for the other Macedonia defendants.[10] Finally, they ask that the Court "impose the sanctions contemplated by [its] Order of September 2, 2015." (Opp'n at 2381.)[11]

---

[8] The motion goes on at some length arguing that the source of the "conflict" under the rules of professional conduct is the inability of Diemert and his firm to "reconcile their position on the division of Sub lot 6 and Farnhurst's compliance with L.O. 1129.06 with the position of Defendants Fini, Hlad and Kuchta[.]" (Motion at 1962-64.) Even assuming this were so, a "position [of counsel] [that] is … inconsistent to [sic] that of his clients" (*id.* at 1965) is not the sort of "conflict" the rules address, notwithstanding plaintiffs' irrelevant quotation relating to "difference *in interests* between the client and lawyer[.] (*Id.* at 1966, emphasis added.).

[9] The Macedonia defendants assign greater weight than does the Court to plaintiffs' passing mention of Diemert's previous representation of Migliorini. It is not surprising that they read the motion to include this argument, since any two readers of plaintiffs' unfocused motion might ferret out very different arguments.

[10] The Macedonia defendants argue that the instant motion, filed before motions to disqualify plaintiffs' counsel were resolved by agreed order, is retaliatory in nature. However, the same argument was rejected by the magistrate judge when he granted plaintiffs leave to amend their complaint to add Diemert and Hanculak as defendants, and no one objected to that order at the time. Therefore, the Court will not address the argument.

[11] In that order, the Court overruled plaintiffs' meritless objections to a discovery order of the magistrate judge, concluding that it was a "frivolous filing," and indicating that sanctions would be imposed for "similar filings in the

**B. Analysis**

Although a district court has broad discretion in ruling on motions to disqualify counsel, that discretion is not unfettered. *Cliffs Sales Co. v. American S.S. Co.*, No. 1:07-CV-485, 2007 WL 2907323, at *2 (N.D. Ohio Oct. 4, 2007) (citing cases). "Confronted with such a motion, courts must be sensitive to the competing public interests of requiring professional conduct by an attorney and of permitting a party to retain the counsel of his choice." *Hamrick v. Union Twp., Ohio*, 81 F. Supp. 2d 876, 878 (S.D. Ohio 2000) (citation omitted). "Motions for attorney disqualification should be viewed with extreme caution for they can be misused as techniques of harassment." *Id.* (citing *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982)). "[D]isqualification of counsel in an action which has been pending for some time is but one of several alternatives and is a drastic measure which courts will not impose unless absolutely necessary." *Gould, Inc. v. Mitsui Min. & Smelting Co.*, 738 F. Supp. 1121, 1124-25 (N.D. Ohio 1990) (citing cases).

Under Rule 3.7 of the Ohio Rules of Professional Conduct:[12]

(a)     A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:

       (1)     the testimony relates to an uncontested issue;

       (2)     the testimony relates to the nature and value of legal services rendered in the case;

       (3)     the disqualification of the lawyer would work substantial hardship on the client.

---

future." (Order, Doc. No. 147 at 2265-66.) Although the Court's admonition applies just as firmly today as on September 2, 2015, the instant motion does not constitute a "future" filing covered by the Order.

[12] Local Rule 83.7(a) provides that "[a]ttorneys admitted to practice in this Court shall be bound by the ethical standards of the Ohio Rules of Professional Conduct adopted by the Supreme Court of the State of Ohio[.]"

>   (b)   A lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or 1.9.

Plaintiffs raise several arguments in support of their motion, but the Court finds dispositive the fact that Diemert and Hanculak are named defendants in this lawsuit and will likely be called as witnesses on matters that are "[]contested" and have nothing to do with "the nature and value of [their] legal services[.]" For this reason, they should not represent any other defendant in the case. Because they have, to date, performed no active role in the representation of the Macedonia defendants, that role having been borne by Attorneys Curley and Guidetti, their "disqualification … would [not] work substantial hardship" on the Macedonia defendants. Therefore, the Court grants plaintiffs' motion to the extent it seeks to disqualify Diemert and Hanculak from representing the Macedonia defendants.

But plaintiffs seek disqualification of the entire Diemert Firm, which includes Attorney Guidetti, who has been active in representing the Macedonia defendants, and Attorney Powell, who also represents Diemert and Hanculak individually. Plaintiffs' argument in this regard is not particularly clear. They seem to be arguing that no one in Diemert's firm can escape a particular "conflict" that they have identified (*see* n. 9), and, therefore, everyone is disqualified. But, as already explained, the "conflict" identified by plaintiffs (i.e., some sort of disagreement between attorney and clients regarding the appropriateness of the clients' previous actions) is legally non-existent and is not what the rules of professional conduct are addressing. This argument for disqualification is rejected.[13]

---

[13] Beyond that, plaintiffs' argument is vague and incomprehensible, appearing to be based on Comment 7 to Rule 3.7, which clarifies that, although a lawyer is not disqualified simply because another lawyer in his firm is disqualified, "if … the testifying lawyer would also be disqualified by Rule 1.7 or 1.9 from representing the client in the matter, other lawyers in the firm will be precluded from representing the client by Rule 1.10, unless the client

That said, under the circumstances of this case, it is entirely possible that the personal interests of Diemert and/or Hanculak, in their own roles as defendants, will be adverse to those of the Macedonia defendants as the case proceeds. Although neither Guidetti nor Powell, as members of the Diemert Firm, is precluded from representing Diemert and/or Hanculak, the Court concludes that neither attorney can also represent any of the other Macedonia defendants. Given that the Macedonia defendants have able counsel in Attorney Curley, who has served as their lead counsel to date, as well as in Attorney Rose (a member of Curley's firm), disqualification of all the attorneys in the Diemert Firm will not create a substantial hardship for the Macedonia defendants.

### III. CONCLUSION

For the reasons set forth, plaintiffs' motion to disqualify (Doc. No. 116) is granted. Neither Defendant Diemert nor Defendant Hanculak may serve as counsel for any other party in this lawsuit. Further, the Diemert Firm is also disqualified from representing any party but Diemert and/or Hanculak.

**IT IS SO ORDERED**.

Dated: November 5, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

gives informed consent under the conditions stated in Rule 1.7." Plaintiffs do not clearly explain how the conflict rules (Rule 1.7 and/or Rule 1.9) might apply (beyond the "conflict" already rejected above), other than by passing mention of Diemert's friendship with defendant Migliorini and an apparent attorney-client relationship between the two, and an assertion that Diemert has a financial stake in the outcome of the case.