UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FARNHURST, LLC, et al., | ) | CASE NO. 5:13-cv-668 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CITY OF MACEDONIA, et al., | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of the PEHA defendants[1] for sanctions and for attorney fees and expenses. (Doc. No. 150 ["Motion"].) Plaintiffs have filed their opposition (Doc. No. 158 ["Opp'n"]), and the PEHA defendants have filed their reply (Doc. No. 160 ["Reply"]). For the reasons and as set forth herein, the motion is granted.

## I. BACKGROUND

Plaintiffs' first amended complaint contains fourteen (14) claims, including several seeking damages. On June 3, 2013, plaintiffs served and filed their initial disclosures under Fed. R. Civ. P. 26, identifying estimated consequential damages in the amount of $189,541.00 (i.e., "loss revenues from the sale of single family dwelling" in the amount of $98,992 for Sub lot 6 South and $90,549 for Sub lot 6 North), plus "interest expense" in the amount of $9,165. (Doc. No. 16 at 241.) When the PEHA defendants sought evidentiary support for these estimated damages through a February 24, 2014 discovery request for "any and all documents … related in any way to the damages you seek[,]" (Motion to Compel [Doc. No. 101]

---

[1] The "PEHA Defendants" consisted of Parkview Estates Homeowner's Association, Inc., Tom Illig, Joseph Kowalski, Vito Mazzaro, Jason Hack, Joseph Migliorini, Linda McClellan, and Larry Zolota. *All but* Joseph Migliorini have recently been dismissed by the Court (*see* Doc. No. 163); but, for ease of reference, despite those dismissals, the Court will continue to refer to "PEHA defendants."

at 1746), plaintiffs failed to supply any of the documents supporting the contractors' estimates and bids that they alleged formed the basis of their anticipated costs in the drawings of the homes. Plaintiffs ultimately claimed that they no longer had these documents. (*See* Doc. No. 101-2 at 1797 ("Farnhurst, LLC no longer has in its possession the underlying bids in support of the job costs previously provided to all Defendants.").)

The PEHA defendants filed a notice of discovery dispute (Doc. No. 90), identifying certain outstanding discovery requests, including "[c]ontractors estimates and bids underlying the job cost sheets produced by Farnhurst." (*Id.* at 1548.) The magistrate judge conducted three telephone conferences unsuccessfully attempting to resolve the dispute. On January 7, 2015, the PEHA defendants filed a motion to compel. In granting that motion, the magistrate judge ordered plaintiffs "to again search their records and produce the contractors' bids and estimates that form the basis of the itemized anticipated costs in the drawings of the homes" by no later than September 18, 2015. (Doc. No. 139 at 2232.) Although acknowledging that plaintiffs could not be compelled to produce documents they did not possess, the magistrate judge recalled "a prior discovery dispute in which Plaintiffs represented that they no longer had the drawings and design review application for the north house that Defendants had requested, but they were eventually able to find these documents and produce them." (*Id.*) The magistrate judge noted that, should plaintiffs fail in this current production, they "may face sanctions, which may include barring [them] from referring to or proffering testimony or other evidence of the contractors' estimates and bids … at the dispositive motion stage and/or during trial." (*Id.*)

On September 18, 2015, plaintiffs filed their response to the magistrate judge's order (*see* Notice of Providing Discovery [Doc. No. 149]), claiming to have located only one bid dated April 24, 2012 (amounting to a total of $28,704.94, for rough lumber, deck, shingles and

doors). As an alternative to producing the requested documents, plaintiffs proffered an affidavit of plaintiff Frank Pla signed on September 18, 2015. (Doc. No. 149-1 at 2282-84.)

The instant motion for sanctions followed on September 24, 2015.

## II. DISCUSSION

A.    **The Parties' Positions**

The PEHA defendants move, pursuant to Fed. R. Civ. P. 37(a)(5), for attorney fees and expenses related to their efforts to obtain the described discovery from plaintiffs. They further seek dismissal of claims ten, eleven, twelve, and thirteen, both because, absent proof of damages, plaintiffs fail to prove an element of all claims sounding in tort, and also as a sanction for plaintiffs' discovery abuses and apparent spoliation of evidence – a strategy that the PEHA defendants characterize, with reference to the record, as "not an isolated incident of misconduct." (Motion at 2295.)

Plaintiffs oppose the PEHA defendants' motion, arguing that damages need not be proven "with mathematical certainty." (Opp'n at 2383, quoting *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F. Supp. 2d 895, 907 (S.D. Ohio 2003) (citing cases).) They assert that they have shown damages exist due to defendants having "prevented [plaintiffs'] development and construction of a single-family home on each Sub lot 6 South and Sub lot 6 North." (*Id.* at 2385.) They argue that the record as it stands "provides the finder of fact with a reasonable basis upon which to calculate damages." (*Id.* at 2384-85.)

In reply, the PEHA defendants argue that the issue is not calculation of damages with mathematical precision. Rather,

> [t]he issue is that, throughout the discovery phase of this case, Plaintiffs have delayed, evaded and obstructed Defendants' good faith attempts to discover the documents and information that provide the basis and support for Plaintiffs'

> alleged damages. Plaintiffs withheld the documentary support for their alleged damages, then provided no answers to questions about damages at the deposition of Plaintiff Frank Pla, then claimed they lost documents supporting their claim of damages, then sought to substitute affidavit testimony of Frank Pla for evidence that they claimed to be lost.

(Reply at 2631.)

**B.     Analysis**

Under Fed. R. Civ. P. 37(b)(2)(A),[2] a court may enter "just orders" for failure to comply with a discovery order, including, but not limited to, prohibiting the introduction of designated matters into evidence, striking pleadings in whole or part, dismissal of all or part of an action, or treating the disobedience as contempt of court. "In selecting a sanction under Rule 37, a court may properly consider both punishment and deterrence." *Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 500 (N.D. Ohio 2013) (citations omitted).

The PEHA defendants seek two sanctions: dismissal of claims ten, eleven, twelve and thirteen;[3] and an award of attorney fees and expenses in the amount of $5,355.00 related to their preparation of the earlier motion to compel and the instant motion.

   *1.     Dismissal as a Sanction*

"A federal court has the inherent authority to dismiss a lawsuit if the plaintiff fails to comply with the rules or the court's orders governing discovery." *Fharmacy Records v. Nassar*, 379 F. App'x 522, 523 (6th Cir. 2010) (citations omitted). In *Fharmacy Records*, the Sixth Circuit articulated the appropriate analysis:

---

[2] Other sections of Rule 37 have been amended and will take effect on December 1, 2015, absent action by Congress. But the section relied upon here by the Court is unaffected by the revision.

[3] Claims ten and eleven are directed solely at Illig, Kowalski, Mazzaro and Hack, all of whom were previously dismissed. (*See* Order [Doc. No. 163].) Therefore, by extension, these two claims are already dismissed. Similarly, claims twelve and thirteen are directed at Migliorini, McClellan, and Zolota. McClellan and Zolota have been dismissed; therefore, these two claims survive only as to Migliorini.

> We have identified four factors—the "*Regional Refuse* factors"—that guide our review of a district court's decision to dismiss a party's lawsuit as a sanction:
>
> (1) whether the party's [conduct] [was] due to willfulness, bad faith, or fault;
> (2) whether the adversary was prejudiced by the dismissed party's conduct;
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
> (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* at 523-24 (citing cases).

When the magistrate judge issued the order on August 19, 2015 compelling plaintiffs to respond to the PEHA defendants' discovery request for underlying documentation supporting the damages calculation, he warned that, should plaintiffs fail to comply, they "may face sanctions, which may include barring Plaintiffs from referring to or proffering testimony or other evidence of contractors' estimates and bids that form the basis of their itemized anticipated costs in the drawings of the homes … at the dispositive motion stage and/or during trial." (Order [Doc. No. 139] at 2232.) This admonition does not rule out dismissal of claims as one of the sanctions, even though it specifies only that plaintiffs might be precluded from certain evidentiary offerings.

The PEHA defendants argue that plaintiffs (and their counsel) have engaged in a "pattern of misconduct … demonstrat[ing] that their misconduct is intentional." (Reply at 2634, citing the Magistrate Judge's reference in his August 19 order to a prior example of similar claims of having "lost" evidence that later turned up; *see also* Reply at 2635, pointing to record evidence of plaintiffs' and counsel's attempts to misrepresent plaintiff Pla's ownership interest in plaintiff Farnhurst (a necessary component of Pla's claims).) The PEHA defendants argue that

when an attorney "is actively engaged in obstruction and evasion, particularly when that attorney has a personal stake in the outcome of the litigation, it is very difficult for the court and opposing counsel to correct the mistakes and get to the evidence and issues that matter." (*Id.* at 2636.) Further, "[w]hen there are multiple instances of misconduct, the court must intercede and impose sanctions. Otherwise, … [d]iscovery becomes, as in this case, a game of cat and mouse, wasting tremendous time and resources." (*Id.* at 2636-37.)

The Court concludes, based upon the factors cited in *Fharmacy Records*, *supra*, that dismissal of the two remaining tort claims as a sanction for discovery abuses would not be appropriate, given the more narrow warning in the magistrate judge's order that the possible sanction would be preclusion from referring to or proffering particular testimony or evidence. Dispositive motions practice has not yet commenced. If defendants are correct that, lacking this evidence, plaintiffs will be unable to prove an element of the remaining claims, that can be addressed by way of a dispositive motion.

That said, the Court finds that a sanction is warranted for plaintiffs' failure to maintain documents that they represented form the basis for their claim for damages. Parties have a duty to maintain documents that support their claims. *See Beaven v. United States Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010) ("An obligation to preserve may arise 'when a party should have known that the evidence may be relevant to future litigation[.]'") (quoting *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998)). Here it is not a matter of future litigation; rather, plaintiffs based their claims for damages on evidence that they themselves disclosed, but then failed to preserve. Even the "negligent or inadvertent destruction of evidence is sufficient to trigger sanctions where the opposing party is disadvantaged by the loss." *In re Smartalk Teleservs., Inc. Sec. Litig.*, 487 F. Supp. 2d 947, 950 (S.D. Ohio 2007) (citations omitted). "If the

court does find that spoliation of evidence did occur because the offending party failed to preserve the evidence, then the court must impose a sanction that is proportionate to the seriousness of the infraction under the facts of [the] particular case." *Id.* (internal quotation marks and citation omitted).

Much time has elapsed and discovery has been requested, yet plaintiffs have failed to produce the documents. Thus, as properly warned by the magistrate judge, plaintiffs are barred from referring to or proffering testimony or other evidence of contractors' estimates and bids that form the basis of their itemized anticipated costs in the drawings of the homes for any purpose at the dispositive motion stage and/or during trial. To that extent, the PEHA defendants' motion is granted.

    2.    ***Award of Fees and Expenses***

Under Fed. R. Civ. P. 37(a)(5), where, as here, a motion to compel was granted, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

The PEHA defendants have established their repeated, good faith efforts to obtain the discovery they sought from plaintiffs, including seeking assistance from the magistrate judge. (*See* Doc. No. 90; Doc. No. 101 (and attachments).) In opposition to defendants' request for attorney's fees, plaintiffs argue that "other circumstances exist, which make an award of expenses unjust." (Opp'n at 2392, citing R. 37(5)(a)(iii).) That said, their opposition is aimed mostly at resisting any request for dismissal as a sanction; it does not challenge the amount of fees sought by the PEHA defendants.

Plaintiffs assert that attorney fees are unwarranted as they "inadvertently lost the contractor bids and estimates, and immediately brought this matter to the attention of the PEHA Defendants in the summer of 2014." (*Id.* at 2395, citing Doc. No. 103-1 at ¶ 3; Doc. No. 103-8, § 4.) As already noted by the Court, plaintiffs had a duty to preserve evidence that would support their claims. In addition, on at least two occasions known to the Court, plaintiffs claimed to have lost information that they later discovered and produced. Given that history, the Court rejects plaintiffs' attempts to refute the appropriateness of an attorney fee award and concludes that the PEHA defendants are entitled to recover their fees related to the motion to compel.

Plaintiffs have not challenged the amount sought, namely, $5,355.00. Having examined the attorneys' affidavits in support of the request for fees, the Court finds the amount to be "reasonable" and further finds that the full amount should be awarded to the PEHA defendants.

### III. CONCLUSION

For the reasons set forth above, the PEHA defendants' motion for sanctions and attorney fees (Doc. No. 150) is granted. To the extent the discovery information that plaintiffs have failed to supply has any relevance to remaining claims, plaintiffs will be prohibited from using such information at any time with respect to any claim or defendant. Additionally, the defendants shall be awarded reasonable attorney fees and expenses in the amount of $5,355.00.

**IT IS SO ORDERED**.

Dated: November 13, 2015

                                               **HONORABLE SARA LIOI**
                                               **UNITED STATES DISTRICT JUDGE**